UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER OLIVER, CDCR #BA-2054,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SCRIPPS MESA DEVELOPER OFFICE,<br><br>　　　　　　　　　Defendant. | Case No.: 3:17-cv-00261-AJB-JMA<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS**<br>**[ECF No. 2]**<br><br>**AND DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. § 1915(e)(2)(B)(ii)** |

CHRISTOPHER OLIVER ("Plaintiff"), proceeding pro se and while he was incarcerated at California Institution for Men ("CIM"), in Chino, California, filed this civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 1). He did not prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a), but instead, filed a Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 2). He then filed a Notice of Change of Address indicating that he was no longer incarcerated at CIM, and instead resided on Boston Avenue, in San Diego. (ECF No. 3).

Because the Court presumed from Plaintiff's change of address that he was no longer a prisoner in custody of the California Department of Corrections and Rehabilitation ("CDCR"), on June 16, 2017, it denied his Motion to Proceed IFP without prejudice, and directed him to file a supplemental IFP Motion to account for his "current post-release income, assets and expenses" in order to proceed. (ECF No. 4 at 7-8.)

In lieu of a supplemental IFP Motion, on June 27, 2017, Plaintiff filed a letter to the Clerk of Court (ECF No. 6), explaining that he is, in fact, "still incarcerated," but has been transferred to a "Male Community Re-Entry Program under CDCR," and that the trust account statement attached to his original IFP Motion (ECF No. 2) still accurately accounts for all the assets he currently possesses. (*Id.* at 1.) Plaintiff also attaches a letter from a counselor at "Correctional Alternatives, LLP," located at 2727 Boston Avenue, San Diego, confirming that Plaintiff is a participant in the "Male Community Reentry Program" and will remain confined there until August 7, 2017. (*Id.* at 2.)[1]

Based on Plaintiff's letter, the Court will now reconsider his previously filed Motion to Proceed IFP (ECF No. 2).

**I. Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to

---

[1] According to the CDCR's website, its Male Community Reentry Program ("MCRP") is "designed to provide, or arrange linkage to a range of community-based, rehabilitative services that assist with substance use disorders, mental health care, employment, education, housing, family reunification, and social support." *See* http://www.cdcr.ca.gov/rehabilitation/MCRP.html (last visited July 7, 2017). "The MCRP is a voluntary program for [m]ale inmates who have approximately 365 days left to serve. The MCRP allow eligible inmates committed to state prison to serve the end of their sentences in the community in lieu of confinement in state prison." *Id.*

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of

2

prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the Plaintiff is a prisoner[3] at the time of filing, even if he is granted leave to proceed IFP, he remains obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

[3] For purposes of the IFP statute, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions or parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Thus, while Plaintiff has been released from CIM, he remains a "prisoner" under 28 U.S.C. § 1915(h), so long as he is serving out end of his sentence in the MCRP.

| | |
|---|---|
| 1 | In support of his IFP original Motion, Plaintiff submitted a copy of his CDCR |
| 2 | Inmate Statement Report showing his available balance and trust account activity at CIM. |
| 3 | *See* ECF No. 2 at 3-4; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d |
| 4 | at 1119. This statement shows that while Plaintiff carried monthly balances ranging from |
| 5 | $474.34 to $67.02 from September through November 2016, he had an *available* balance |
| 6 | of zero at the time of filing. *See* ECF No. 2 at 3. Based on this accounting, the Court |
| 7 | GRANTS Plaintiff leave to proceed IFP, and will assess no initial partial filing fee |
| 8 | pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no |
| 9 | event shall a prisoner be prohibited from bringing a civil action or appealing a civil action |
| 10 | or criminal judgment for the reason that the prisoner has no assets and no means by |
| 11 | which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at |
| 12 | 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of |
| 13 | a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds |
| 14 | available to him when payment is ordered."). The Court will further direct the Secretary |
| 15 | of the CDCR, or his designee, to instead collect the entire $350 balance of the filing fees |
| 16 | required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the |
| 17 | installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.* |
| 18 | **II.     Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2)** |
| 19 |         A.     <u>Standard of Review</u> |
| 20 | If a prisoner's complaint "seeks redress from a governmental entity or officer or |
| 21 | employee of a governmental entity," the Court "shall review" the pleading "as soon as |
| 22 | practicable after docketing," and "dismiss the complaint, or any portion of the complaint, |
| 23 | if [it] . . . is frivolous, malicious, or fails to state a claim upon which relief may be |
| 24 | granted." 28 U.S.C. § 1915A(a), (b)(1); *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th |
| 25 | Cir. 2014). Here, Plaintiff alleges violations of his "due process rights" under the Fourth |
| 26 | and Fourteenth Amendments, *see* ECF No. 1 at 2, 8, but he seeks redress from "Scripps |
| 27 | Mesa Developer Office," which is alleged to be the property management company that |
| 28 | "[gave] up the keys to [a] residence" he shared with his mother on March 25, 2016, to an |

unidentified probation officer "without probable cause." *Id.* Plaintiff does not seek redress from or name governmental actors as Defendants. *Id.* at 1-2. Therefore, § 1915A(a)'s screening provisions do not apply. *See Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) ("Section 1915A mandates early review … for all complaints 'in which a prisoner seeks relief from a governmental entity…'") (quoting § 1915A(a)); *see also Thompson v. Hicks,* 213 Fed. Appx. 939, 2007 WL 106785 at *3 (11th Cir. 2007) (noting that because a private defendant was not a "governmental entity" as described in § 1915A, prisoner's complaint as to that defendant was not subject to dismissal under § 1915A).

Because Plaintiff is proceeding IFP, however, his Complaint *is* still subject to a sua sponte review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief," regardless of whether he seeks redress from a "governmental entity." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. <u>Plaintiff's Allegations</u>

As noted above, Plaintiff seeks $4.5 million in general and punitive damages from "Scrip[p]s Mesa De[ve]loper Office," for violating his Fourth and Fourteenth Amendment rights on March 25, 2016. (ECF No. 1 at 1-2.) He claims this Defendant is liable for providing a key to a residence he shared with his mother to an unidentified probation officer who lied and used it to search his residence "without probable cause." (*Id.* at 8.)

C. <u>42 U.S.C. § 1983</u>

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d

6

3:17-cv-00261-AJB-JMA

1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

Here, the only named Defendant, Scripps Mesa Developer Officer, is not alleged to be a "person acting under color of state law." *See West*; 487 U.S. at 48; *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted).

The Constitution protects individual rights only from government action and not from private action; it is only when the government is responsible for the specific conduct alleged that individual constitutional rights are implicated. *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003). Generally, private parties do not act under color of state law. *See Price v. Hawai'i*, 939 F.2d 702, 707-08 (9th Cir. 1991). Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Sutton*, 193 F.3d at 835 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)); *see also Ouzts v. Md. Nat'l Ins. Co.*, 505 F.2d 547, 551 (9th Cir. 1974) (a purely private actor may be liable for his misconduct in state court, but his conduct is not actionable under Section 1983, regardless of how egregious).

In order for private conduct to constitute governmental action, "something more" must be alleged. *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 939 (1982) ("Action by a private party pursuant to [§ 1983], without something more, [i]s not sufficient to justify a characterization of that party as a 'state actor.'"). Courts have used four different factors or tests to identify what constitutes "something more": (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus. *See id.*; *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997); *Parks Sch. of Bus., Inc. v.*

*Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995); *Gorenc v. Salt River Project Agric. Improvement and Power Dist.*, 869 F.2d 503, 506 (9th Cir. 1989).

As currently pleaded, Plaintiff's Complaint fails to allege facts sufficient to plausibly show that Scripps Mesa Developer Office performed any public function traditionally reserved to the state, acted as willful participants in joint action with government agents, was compelled or coerced, or had any connection whatsoever with the state, when it allegedly relinquished a key to Plaintiff's property. *See Iqbal*, 556 U.S. at 678; *Lugar*, 457 U.S. at 939. Moreover, to the extent Plaintiff invokes the Fourth Amendment as the basis of his unlawful search claims, *see* ECF No. 1 at 2, 8, he may not seek the Fourth Amendment's protections against the actions of private citizens. *See* U.S. Const. Amend. IV; *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) ("This Court ... consistently construed this protection as proscribing only governmental action; it is wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.'") (internal citation omitted).

For these reasons, the Court finds Plaintiff's Complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1130.

D.   Leave to Amend

A pro se litigant must be given leave to amend his pleading to state a claim unless it is absolutely clear the deficiencies cannot be cured by amendment. *See Lopez*, 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). Therefore, while the Court finds Plaintiff's Complaint fails to state a claim upon which relief can be granted, it will provide him a chance to fix the pleading deficiencies discussed in this Order, if he can. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

///

///

## III. Conclusion and Order

For all the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

5. **GRANTS** Plaintiff forty-five (45) days leave to file an Amended Complaint which cures the deficiencies of pleading described in this Order. Plaintiff is cautioned, however, that should he choose to file an Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to follow these instructions within 45 days, and/or files an Amended Complaint that still fails to state a claim, the Court will enter a final judgment of dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without further leave to amend. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a

plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: July 7, 2017

Hon. Anthony J. Battaglia
United States District Judge