UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER OLIVER, CDCR #BA-2054,<br><br>Plaintiff,<br><br>vs.<br><br>SCRIPPS MESA DEVELOPER OFFICE,<br><br>Defendant. | Case No.: 3:17-cv-00261-AJB-JMA<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

CHRISTOPHER OLIVER ("Plaintiff"), while he was incarcerated at California Institution for Men in Chino, California, filed this civil rights action pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed In Forma Pauperis ("IFP").

On July 7, 2017, the Court granted Plaintiff leave to proceed IFP, but simultaneously dismissed his Complaint sua sponte for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and granted him leave to amend. *See* ECF No. 7. Plaintiff has since filed an Amended Complaint ("FAC"). *See* ECF No. 8.

**I.    Screening pursuant to 28 U.S.C. § 1915(e)(2)**

   A.    <u>Standard of Review</u>

Because he is proceeding IFP, Plaintiff's FAC, like his original pleading, is subject to a sua sponte review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to

state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief," regardless of whether he seeks redress from a "governmental entity." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").[1]

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its

---

[1] Plaintiff's FAC is not also subject to sua sponte screening pursuant to 28 U.S.C. § 1915A, because, as discussed below, he does not "seek[] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a); *see Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) ("Section 1915A mandates early review … for all complaints 'in which a prisoner seeks relief from a governmental entity…'") (quoting § 1915A(a)); *see also Thompson v. Hicks*, 213 Fed. Appx. 939, 2007 WL 106785 at *3 (11th Cir. 2007) (noting that because a private defendant was not a "governmental entity" as described in § 1915A, prisoner's complaint as to that defendant was not subject to dismissal under § 1915A).

judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Plaintiff's Allegations

Plaintiff's FAC differs in no significant way from his original Complaint. He continues to seek $4.5 million in general and punitive damages from one Defendant, identified only as "Scrip[p]s Mesa De[v]eloper Office," for having violated his Fourth and Fourteenth Amendment rights by "giving the keys up to [his] residen[ce] without probable cause" to an unidentified third party on March 23, 2016. *See* ECF No. 8 at 1-3, 7. His pleads nothing further, except to say that that he was asleep at the time, and awoke to "3 people standing over [him]." *Id.* at 3.

### C. 42 U.S.C. § 1983 / State Action

As the Court noted in its July 7, 2017 Order, section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a

3

3:17-cv-00261-AJB-JMA

judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Plaintiff's Allegations

Plaintiff's FAC differs in no significant way from his original Complaint. He continues to seek $4.5 million in general and punitive damages from one Defendant, identified only as "Scrip[p]s Mesa De[v]eloper Office," for having violated his Fourth and Fourteenth Amendment rights by "giving the keys up to [his] residen[ce] without probable cause" to an unidentified third party on March 23, 2016. *See* ECF No. 8 at 1-3, 7. His pleads nothing further, except to say that that he was asleep at the time, and awoke to "3 people standing over [him]." *Id.* at 3.

### C. 42 U.S.C. § 1983 / State Action

As the Court noted in its July 7, 2017 Order, section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a

right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

Plaintiff continues to name only one Defendant, Scripps Mesa Developer Office, but he still has not alleged any facts to show this Defendant is a "person acting under color of state law." *See West*; 487 U.S. at 48; *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (party charged with constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted). Private parties, entities, business organizations, or institutions do not generally act under color of state law. *See Price v. Hawai'i*, 939 F.2d 702, 707-08 (9th Cir. 1991). In fact, section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Sutton*, 193 F.3d at 835 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)); *see also Ouzts v. Md. Nat'l Ins. Co.*, 505 F.2d 547, 551 (9th Cir. 1974) ("[P]urely private conduct, no matter how wrongful, is not within the protective orbit of section 1983."); *accord Skylstad v. Reynolds*, 248 Fed. App'x 808, 810 (9th Cir. 2007).

And while Plaintiff was advised he must "allege facts sufficient to plausibly show that Scripps Mesa Developer Office performed a[] public function traditionally reserved to the state, acted as willful participants in joint action with government agents," or "was compelled or coerced" to act in conjunction with the state when it allegedly relinquished a key to Plaintiff's property in order to plausibly allege state action, *see* ECF No. 7 at 7-8, (citing *Iqbal*, 556 U.S. at 678; *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 (1982)), his FAC contains no such allegations.

Therefore, because Plaintiff may not seek the Fourth or Fourteenth Amendment's protections against the actions of private parties, *see United States v. Jacobsen*, 466 U.S. 109, 113 (1984) ("This Court ... consistently construed this protection as proscribing only governmental action; it is wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the

Government or with the participation or knowledge of any governmental official.'") (internal citation omitted); *Cent. Hardware Co. v. N.L.R.B.*, 407 U.S. 539, 547 (1972) ("The First and Fourteenth Amendments are limitations on state action, not on action by the owner of private property used only for private purposes."); *Ouzts*, 505 F.2d at 550 ("[T]he protection of the fourteenth amendment may not be invoked unless the state has been involved in the deprivation of rights to some significant extent."), his FAC fails to state a claim upon which § 1983 relief can be granted and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Lopez,* 203 F.3d at 1127.

## II. Conclusion and Order

For the reasons discussed, the Court:

1) **DISMISSES** Plaintiff's Amended Complaint for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii);

2) **DENIES** leave to amend as futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad.") (internal quotation marks omitted);

3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: October 18, 2017

Hon. Anthony J. Battaglia
United States District Judge